FARRELL *v.* JERRY MADDEN SHINGLE CO.

APPEAL AND ERROR—REVIEW—MATTERS SUBMITTED TO JURY.
Where, under the instructions, it was permissible for the jury to include improper items in the verdict, and the verdict was so extreme that it cannot be assumed that they were not included, the judgment will be reversed.

Error to Delta; Stone, J. Submitted April 5, 1907. (Docket No. 15.) Decided April 30, 1907.

Assumpsit by Thomas Farrell against the Jerry Madden Shingle Company for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Reversed.

*J. F. Carey* (*F. D. Mead*, of counsel), for appellant.

*John Cummiskey* (*A. H. Ryall* and *Mills & Cain*, of counsel), for appellee.

Montgomery, J. The plaintiff entered into an agreement with the defendant, by the terms of which the latter agreed to advance money to enable him to engage in and carry on a lumbering operation to an amount not exceeding $15,000. Plaintiff agreed that defendant should control the output, manufacture the logs into lumber, market the same, and, after retaining 2½ per cent. commission for this service, account for the balance. Plaintiff also secured the repayment of advances by a mortgage on his camp outfit, teams, etc. The operation cost much more than either party expected, but defendant continued advances until about $35,000 had been advanced, when, apparently becoming apprehensive of serious loss, they took control of the operation, foreclosed the mortgage on the camp outfit, etc., manufactured the logs into lumber, and, after paying the expenses thereof, found that their advances totaled $57,378.74, and that after crediting the total amount realized on the sale of the property, including the amount realized on sale of the camp equipage, found a balance due from plaintiff of $18,427.12.

The plaintiff, claiming that he had not had credit for all the lumber manufactured, brought this action and succeeded in obtaining a judgment for $4,667.79. This result was reached by the jury finding that the defendant's claimed scale was inaccurate, or that they had diverted a large part of the product to their own use. To prove this, the plaintiff relied upon the log scale, supplemented by evidence tending to show that the logs would overrun the scale when cut into lumber a certain estimated per cent., viz., on all except the hemlock 25 per cent., and on hemlock 20 per cent. The defendant's testimony tended strongly to show that all the logs actually produced were in fact accounted for. If this was true, it should have ended the case. The defendant also gave testimony tending to show that logs of the character delivered—the particular logs in question—would not show any such overrun as claimed.

The circuit judge permitted a recovery for the value of

the camp outfit and horses sold under chattel mortgage, less the sum credited thereupon, if the jury should find that there was nothing due at the time of foreclosure. After verdict, a motion for a new trial was entered. The circuit judge required plaintiff to remit $3,161.15, thus leaving the verdict to stand at $1,506.64. In reaching this result, the circuit judge held that he was in error in submitting the question of the improper foreclosure of the mortgage on the camp outfit, etc., and also held that from the testimony there was no such overrun on the maple logs as was claimed. The circuit judge estimated the overrun on maple at 10 per cent., instead of 25 per cent., as claimed, a difference of $1,506.64.

The plaintiff's testimony as to the value of the camp outfit, etc., was that they were worth $4,300 to $4,500. The amount realized on foreclosure and credited to plaintiff was $1,004, so that there may have been included in the verdict erroneously on this account the sum of $3,296 to $3,496. If it be assumed that the full claimed overrun on maple was allowed by the jury—which is possible—there was included in the verdict the total of $4,836.53, which in the opinion of the circuit judge should not have been allowed. This is more than the total of the verdict. It would seem to follow that the verdict should have been set aside, unless other data existed which enabled the court to make the correction intended. There was no such data. It is true it is not certain that both of these items were included in the verdict, but it was permissible for the jury to include them under the instructions. It may be said that it was not error to submit the question of overrun on maple, and that, as it does not affirmatively appear that this item was included in the verdict, it does not legally follow that the defendant is entitled to have that item deducted. This is true in a sense, but the only way to avoid the conclusion that the item was not included is to infer that the extreme allowance was made for other classes of logs, and that the jury discriminated as to the maple. The verdict was so extreme in all respects that

we think this assumption should not be made. We are satisfied that the verdict was clearly against the weight of testimony, and that a new trial should have been granted.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, HOOKER, and MOORE, JJ., concurred.